No. 3173. BUERHAUS *v.* DESAUSSURE, April Term, 1893. The appellants in this case gave their notice of appeal on December 23, 1892, and served their exceptions on January 21, 1893. Meantime the following agreement was signed by all the attorneys in the cause: "Charleston, S. C., January 9, 1893. We, the undersigned, the counsel in the above cause, in consequence of the voluminous papers necessary to prepare the appeal to the Supreme Court in this case, hereby agree to have the time for preparation and serving of such appeal extended until February 12, 1893." By written agreement, the time was still further extended until March 10, 1893. On April 7, 1893, the printed case was served on the attorneys for respondents, and a certified copy thereof sent to the clerk of the Supreme Court, with a request to docket. On this same day (April 7), the respondents, conceiving that the agreement made did not dispense with the necessity of filing a return within forty days after the service of the exceptions, made affidavits of the dates of the service of notice of appeal and exceptions; and it appearing to the clerk that more than forty days had since expired and that no return had been filed, he dismissed the appeals, under Rules 1 and 2 of this court. The certified case sent up from Charleston on April 7, was not received by the clerk until April 12.

The two motions stated in the order of this court were afterwards noticed and made; and after argument by *H. A. DeSaussure* and *Mitchell & Smith*, for appellants, and by *John F. Ficken, J. E. Burke,* and *R. G. O'Neale,* for defendants, the following order was passed April 28, 1893,

PER CURIAM. In this case it appears that three appeals were taken, one by the said Martha G. DeSaussure, one by Julia

Jugnot, and the third by G. M. Trenholm, as administrator *de bonis non, cum testamento annexo*, of Elodie C. Downey, and that all of these appeals have been dismissed by the clerk of this court for default in filing the "return," as required by Rules 1 and 2 of this court.  The motions now made are to reinstate the said appeals, upon the ground, that under the construction given by appellants' counsel to a written agreement entered into by all the counsel in the cause, the appellants were entitled to a longer time than that required by the Rules within which to file their return, and that the "Case," which they regarded as an "Agreed Case," was forwarded by express to the clerk of this court within the time prescribed, but owing to the default of the carrier in delivering the package, it was not received by the clerk until after he had granted the orders dismissing the appeals.   The appellants, also, ask that if the court shall hold that they have erred in their construction of the written agreement above referred to, and are in default in failing to file the return within the prescribed time, they may be relieved from the consequences of such default under the provisions of section 349 of the Code, upon the ground that their default (if there was any) was due to their mistake and inadvertence.

Without going into any detailed consideration of the voluminous papers which have been submitted to us, it does seem to us that the phraseology of the written agreement between the counsel might have led appellants' counsel into the belief that the agreement was not merely for an extension of time *to prepare and serve the Case*, but also comprehended an extension of time for taking any of the steps necessary to the preparation of the appeal, for the language of the first and second agreement is, "to extend the time *for preparation* and service of such appeal," and as the filing of the return was one of the necessary steps to be taken in *the preparation* of the appeal, we can well understand how counsel might have supposed that the time for filing the return was extended, as well as the time for preparing and serving the "Case."   But without resting our conclusion exclusively upon that view, we are entirely satisfied, from a careful examination of all the papers, that even if there was default in filing the return within the prescribed time, such

default was due solely to the mistake or inadvertence of counsel, and not to any inexcusable neglect, or for the purpose of delay, on the part of counsel. This, therefore, is just such a case as entitles the appellants to relief under section 349 of the Code, which provides, that: "When any party shall omit, through mistake or inadvertence, to do any act or acts necessary to perfect an appeal, * * * the Supreme Court may, in their discretion, permit such act or acts to be done at any time to perfect the appeal," &c. While, therefore, we think that the clerk was right in dismissing these appeals, upon the showing made before him, yet, under the showing now made, we think that appellants are entitled to have their appeals reinstated.

An alternative motion has been submitted by respondents, in the event the motion to reinstate the appeals is granted, to recommit the "Case" to the Circuit Court for the purpose of adding to or taking from the "Case" such parts of the record as counsel may agree upon, or as may be ordered by the Circuit Judge, who tried the cause within forty days from the order of recommital, upon motion of any party to the cause upon four days notice to all of the other parties or their counsel. This motion having been assented to by the counsel, and a stipulation in writing to that effect having been filed with the record here, the motion will, of course, be granted.

It is, therefore, ordered, that the several appeals above referred to be reinstated, and the cause be docketed for hearing at the next term of this court. It is further ordered, that the "Case" be recommitted for resettlement in accordance with the stipulation of counsel as above stated.